819 So.2d 945 (2002)
Jerry COLLINS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D02-1180.
District Court of Appeal of Florida, Second District.
June 26, 2002.
FULMER, Judge.
Jerry Collins appeals the summary denial of his motion for jail time credit filed pursuant to Florida Rule of Criminal Procedure 3.800. On May 9, 1999, Collins was arrested on a felony charge in case number 99-1138 and was released on bond the same day. On June 2, 1999, and June 26, 2000, he was arrested in different unrelated cases on misdemeanor charges (case numbers 99-2888 and 00-3588, respectively). He was released on bond in those cases.
From January 7, 2001, to June 4, 2001, Collins was in jail continuously, first in Collier County and then in Pasco County (approximately 150 days). The reason for this stay in jail does not explicitly appear in the record. On June 4, 2001, Collins *946 was sentenced on both misdemeanor cases (99-2888 and 00-3588) to time served, which on the sentencing order for 99-2888 is indicated as 150 days. On September 4, 2001, Collins was sentenced in his felony case (99-1138) to one year of county jail time followed by one of year probation. He also received one day of credit for jail time served.
Collins claims that his bond was revoked in case number 99-1138 while he was in jail from January 7 to June 4, 2001, and that he is, therefore, entitled to an additional 149 days of credit in 99-1138. The trial court denied relief on this claim, attaching records that indicate that Collins was released on bond in case number 99-1138 until sentencing and that this bond was not revoked.
We affirm the trial court's order because the attached records appear to refute Collins' claim. Our affirmance is, however, without prejudice to Collins' right to file under rule 3.850 a timely and facially sufficient motion for postconviction relief if he believes that the records provided by the trial court are inaccurate. See King v. State, 809 So.2d 893 (Fla. 2d DCA 2002).
GREEN and DAVIS, JJ., concur.